UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYAL INS. CO. OF AMERICA
and FORD MOTOR CO.,

       Plaintiffs,

v.                                   Case No. 03-CV-72574-DT

ORIENT OVERSEAS CONTAINER
LINE LTD,                      HONORABLE DENISE PAGE HOOD

       Defendant/Third-Party Plaintiff,

v.

M/V "CANMAR PRIDE", her engines,
boilers, appurtenances, etc., *in rem*, CP SHIPS
(UK) LTD, CPS NO. 3 LTD and CPS NO. 5 LTD,

       Third-Party Defendants.
_____/

### ORDER RE: MOTION PURSUANT TO FED. RULE CIVIL PROC. 60(b) TO AMEND ORDER TO PERMIT APPEAL

On September 29, 2005, the Court entered a Memorandum Opinion and Order Regarding Motions for Partial Summary Judgment. Although Plaintiffs' current motion is brought under Rule 60(b) to amend the Court's September 29, 2005 Order to permit an appeal, the Court finds that such an amendment is not required because Plaintiffs are essentially seeking certification to appeal the Court's Order under 28 U.S.C. § 1292(b). Defendant and Third-Party Defendants concur with Plaintiff's request.

The general rule is that the court of appeals may only review final orders issued by the district court under 28 U.S.C. § 1291. Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review set forth in § 1291. Section 1292 (b) is to be used

sparingly. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). The express language of 28 U.S.C. § 1292(b) requires that the district court must find that an order involves a controlling question of law about which there is substantial ground for difference of opinion and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Sixth Circuit has set forth four elements to establish certification: 1) the question involved must be one of "law"; 2) it must be "controlling"; 3) there must be substantial ground for "difference of opinion" about it; and 4) an immediate appeal must materially advance the ultimate termination of the litigation. *Vitols,* 984 F.2d at 170.

Applying the requirements for certification to the instant case the Court finds that Plaintiffs have met the certification requirements. Plaintiffs have shown that the question involved is one of "law" and is "controlling" in this case. Based on the parties' brief supporting their arguments on the partial summary judgment motion, Plaintiffs have shown that there is a substantial ground for a "difference of opinion" on the issues concerning the applicability of United States Carriage of Goods by Sea Act, 42 U.S.C. § 1304 and its package limitation. Plaintiffs have also shown an immediate appeal will materially advance the ultimate termination of the litigation. The Court certifies under 28 U.S.C. § 1292(b) that an interlocutory appeal from the Court's September 29, 2005 Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Court notes that Defendant and Third-Party Defendants' concurrence is conditioned upon entry of an Order for Plaintiffs not to proceed in the Canadian litigation until the resolution of the instant matter. However, Defendant and Third-Party Defendants did not provide any law to support their request for such an order and whether this Court had any

authority to enter such an order.

Accordingly,

IT IS ORDERED Plaintiffs Motion Pursuant to Fed. Rule Civil Proc. 60(b) to Amend Order to Permit Appeal, considered by the Court as a Motion for Certification under 28 U.S.C. § 1292(b) to file an interlocutory appeal from the Court's September 29, 2005 Order **(Docket No. 66, filed October 11, 2005)** is GRANTED.

       /s/   DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: November 18, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager